| ANTHONY RODERICK PHILLIP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) | **ORDER** |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

Anthony Roderick Phillip ("Phillip"), a federal inmate proceeding pro se, brings this action

pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80 [D.E. 1]. Phillip alleges

that defendants were negligent in transferring him from a non-smoking BOP prison to Rivers, a

privately operated prison which then permitted smoking, and that defendants failed to protect him

from exposure to second hand smoke at Rivers from April 2008 to November 2010, causing him to

suffer physical and emotional injuries.

On July 3, 2013, defendants filed a motion to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(1) and (6) [D.E. 16], a memorandum in support [D.E. 17], and the declaration of

Cornelia Coll, a Paralegal Specialist employed at FCI-Butner [D.E. 18] ("Coll Decl."). Pursuant to

Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff

about the motion, the consequences of failing to respond, and the response deadline [D.E. 19].

Plaintiff did not file any response to the motion for summary judgment, and the time within which

to do so has expired. As explained below, the court grants the motion to dismiss.

Defendants assert that the court lacks subject-matter jurisdiction over Phillip's FTCA claim

and cites the discretionary function exception. Mem. Supp. Mot. Dismiss 6–10. Under Rule 12(b)(1), a plaintiff bears the burden of establishing federal jurisdiction. See Fed. R. Civ. P. 12(b)(1); Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject-matter jurisdiction may be based, the facts in the complaint are assumed to be true. Kerns, 585 F.3d at 192. When a Rule 12(b)(1) motion attacks "the factual predicate" of subject-matter jurisdiction, the court may weigh the evidence to determine the existence of jurisdiction. Id.

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); see Millbrook v. United States, 133 S. Ct. 1441, 1443 (2013); Levin v. United States, 133 S. Ct. 1224, 1228 (2013); Anderson v. United States, 669 F.3d 161, 164 (4th Cir. 2011); Kerns, 585 F.3d at 194. A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963) (footnote omitted); see, e.g., Millbrook, 133 S. Ct. at 1443. A plaintiff must "show that an unequivocal waiver of sovereign immunity exists." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). "If the plaintiff fails to meet this burden, then the claim must be dismissed." Id.

Pursuant to the discretionary function exception, the United States is not liable under the FTCA for "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "The

2

discretionary function exception 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" Holbrook v. United States, 673 F.3d 341, 345 (4th Cir. 2012) (quoting United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984)).

Analyzing whether to apply the discretionary function exception begins with a threshold identification of "the conduct at issue" which led to the alleged injury. S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 332 (3d Cir. 2012). The conduct at issue here is that of defendants' decision to house Phillip in a private prison under contract with the Bureau of Prisons which permitted inmates to smoke, thus exposing Phillip to second-hand smoke.

The court then employs a two-part test to determine whether the discretionary function exception bars Phillip's claim. United States v. Gaubert, 499 U.S. 315, 322–23 (1991). First, the "exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" Id. (quoting Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988)); see Holbrook, 673 F.3d at 345.

> A government employee's conduct does not involve discretion where a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow and the employee has no rightful option but to adhere to the directive. Where, however, a regulation authorizes or requires employee discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion.

Holbrook, 673 F.3d at 345 (quotations and citations omitted).

Defendants argue that the Bureau of Prisons "has discretion under Title 18 U.S.C. § 3621(b) to designate the place of a prisoner's imprisonment." Mem. Supp. Mot. Dismiss 8 (internal quotation and alteration omitted). The court agrees. See, e.g., Cosby v. U.S. Marshals Serv., 520

3

F. App'x 819, 821 (11th Cir. 2013) (per curiam) (unpublished); Ross v. United States, No. 4:13-CV-573-A, 2013 WL 5290498, at *4 (N.D. Tex. Sept. 18, 2013) (unpublished) (collecting cases); Cook v. United States, No. 0:11-2669-RMG-PJG, 2012 WL 5398184, at *3–4 (D.S.C. Oct. 3, 2012) (unpublished), report and recommendation adopted, 2012 WL 5398181 (D.S.C. Nov. 2, 2012) (unpublished), aff'd, 519 F. App'x 197 (4th Cir. 2013) (per curiam) (unpublished).

Second, if the alleged conduct involves discretionary judgment, the court must determine whether the exercise of judgment is "based on considerations of public policy." Berkovitz, 486 U.S. at 537; see Gaubert, 499 U.S. at 323; Holbrook, 673 F.3d at 345. "[D]ecisions regarding the transfers and classifications of prisoners generally fall within the discretionary function exception, and [are precisely] the kind of decision that the discretionary function exception was designed to shield." Ashford v. United States, 463 F. App'x 387, 395 (5th Cir. 2012) (per curiam) (unpublished) (internal quotation and alteration omitted; collecting cases). Thus, the court concludes that the discretionary function exception bars Phillip's claim.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 16], and DISMISSES the action for lack of subject-matter jurisdiction. The clerk shall close the case.

SO ORDERED. This *19* day of March 2014.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge

Case 5:12-ct-03168-F   Document 20   Filed 03/17/14   Page 4 of 4